## THOMPSON *v.* PHELAN.

22 339
e71 329
71 401

Where the plaintiff's declaration contained but one count, and that a general one for work, labor, and services done and performed; a motion to amend the writ by adding two new counts; one for use and occupation, and the other for goods, wares, and merchandise, sold and delivered, will not be granted. Such an amendment is for a new cause of action, and cannot be admitted unless by the consent of the defendant.

When a contract to do certain work is put in writing, and no time fixed for the completion of the work or the payment for the same, the inference of law is, that the work is to be paid for when the labor is done; and an action for labor and services cannot be sustained therefor until the work is completed, or the contract in some legal way terminated. Parol evidence showing a verbal agreement, as to the time of payment, made when the contract was signed, cannot be admitted.

When neither the debtor or creditor makes an application of payments, the law will apply them to the earliest debt due at the time of payment, if there is no particular equity or reason for a different course.

In making the application of payments, the principles of equity are recognized at law, so far as the nature of the proceedings will admit.

ASSUMPSIT. The writ was dated April 15th, 1846, and contained one general count only, for the sum of one thousand dollars, for the labor and services of the plaintiff, done and performed for the defendant before the date of the writ. The plaintiff moved to amend his writ, by adding a count for goods, wares, and merchandise, sold to the defendant, to the amount of

three hundred dollars. Also, a further count for two hundred dollars for the use and occupation, by the defendant, of the plaintiff's dwelling-house and furniture therein.

An auditor having been appointed to state the accounts between the parties, *reported,* that he had met and heard the parties, and examined their vouchers, and that he stated the accounts as claimed in the writ and specification and the defendant's set-off, and proved before.him, as follows : —

William Phelan to Joseph C. Thompson, Dr.

| | | |
|---|---|---:|
| February, 1846. | To work done for him in the pit in Fifield field, on N. Railroad, | $74.00 |
| | To work done in Mr. Lundy's pit for him on said road, | 20.62 |
| | To hauling stones from Waldron's ledge to Colby Culvert, thirty-six days, | 36.00 |
| March. | To sixty days drawing stones from Waldron's ledge, | 60.00 |
| April 1. | To shoveling and hauling on Mr. Keniston's land, 2248 yards of earth at nine and a half cents per yard, | 213.56 |
| | | $404.18 |

Joseph C. Thompson to William Phelan, Dr.

| | | | |
|---|---|---|---:|
| January 25, 1846. | | To one pair of overhauls, | $0.67 |
| " | | One pair boots, | 2.50 |
| " | 26. | To one pair boots, | 2.50 |
| " | " | To one barrel of flour, | 7.50 |
| February 12. | | To two new ox sleds, | 8.63 |
| " | 14. | To one barrel of beef, | 10.50 |
| " | 28. | To work of ten men, $46.25 ; deducting | |
| " | " | $34.50 for their board, | 11.75 |
| April | 10. | To three beef barrels, | 1.50 |
| | | | $45.55 |

The last item in the plaintiff's account was founded upon· a written contract in the following words, viz. :

February 9, 1846. This certifies, that I, William Phelan,

have agreed to pay Joseph C. Thompson nine and a half cents per yard for raising the embankment across Jonathan Kenniston's intervale, and what gravel is borrowed to be taken from the hill in Kenniston's field nearest the grade.

(Signed) WILLIAM PHELAN.

It was proved that the plaintiff began to work on said embankment about the eleventh day of February, 1846, and continued to work upon it until the early part of May of the same year, and then left it in an unfinished state, having placed upon it thirty-nine hundred yards of earth, two thousand two hundred and forty-eight yards of which were placed upon it before April 1st, 1846.

The plaintiff proved that at the time of the execution of said agreement, it was agreed that he should be paid at the end of each month, for the work done upon said contract therein. To the competency of this evidence the defendant objected, and contended that the plaintiff could bring no action to recover payment for said work until he had finished the embankment.

It appeared that the engineer of the railroad made returns monthly to the directors, of the above and the other work estimated as done by Phelan, who was a contractor for the construction of part of said road. It did not appear that any time was fixed in the contract between the parties to this suit, for the performance of said work.

The auditor further reported, that the plaintiff proved the following additional charges, which he did not consider recoverable under the declaration in the plaintiff's writ, but were material to be considered in reference to the application of certain payments, hereafter stated, viz. :

November 22, 1845. To use of house and some
         articles of furniture, proved,       $105.00
January, 1846. To single sleigh,       12.00

                        $117.00

The defendant also proved the following charges in his set-off, which accrued after the commencement of the present action,

29 *

viz. : — ten items commencing with June 17th, 1846, and ending March 2d, 1847, amounting to $26.43.

The defendant also proved that he made the following payments in cash to the plaintiff upon general account :

| | | | |
|---|---|---|---|
| February 16, 1846. | Cash | | $10.00 |
| April 9, | " | Cash, as per receipt | 27,00 |
| May 1, | " | Cash by order on railroad | 150.00 |
| " 14, | " | Cash paid A. J. Cilley, on P. G.'s order, | 15.00 |
| July 10, | " | Cash | 50.00 |
| " 22, | " | Cash paid G. W. Thompson, | 2.00 |
| " " | " | Cash | 23.00 |
| Sept. 4, | " | Cash | 3.00 |

$280.00

The work charged by the plaintiff in his account before stated, in all the items except the last, was done by him by the day for the defendant, on the fifteenth section of the Northern Railroad, which the defendant had taken to grade and complete the masonry thereon. The plaintiff continued to work for the defendant, both by the day and under said contract, after this suit was commenced; and on the 27th of October, 1847, commenced another suit, which is now pending.

The defendant further proved that he made the following payments expressly on account of work done by the plaintiff on the fifteenth section of the Northern Railroad, viz. :

| | | |
|---|---|---|
| March 5, 1846. | Cash, as per receipt, | $20.00 |
| April 16, " | Cash, as per receipt, | 25.00 |

$45.00

The defendant also proved a note against the plaintiff, described in his set-off, for $125, dated February 7, 1846, and payable to the plaintiff or order, on demand ; on which was paid and indorsed, February 13, 1846, $40, and on which there was due, at the date of this report, $105.99.

The above sets forth so much of the report as is necessary for a proper understanding of the case. The auditor having stated the facts, referred them to this Court for their determination.

The second suit, referred to in the foregoing report, was commenced by said Thompson against said Phelan, October twenty-seventh, 1847 ; and was referred to the auditor at the same time with the former suits. The amount of the plaintiff's specification in this case was $536.85. Of this sum the auditor found due the plaintiff, at the time of his report, $448.03 ; of which $148.68 was for work done on the Kenniston land. And in regard to the work done on the Kenniston land, the auditor further found, that if nothing was allowed the plaintiff in the former suit, on the ground that that action was brought before the right of action accrued, then the sum of $237.50 should be substituted for the sum of $148.68, thereby making the amount of the specification. He also found that the whole work done on the Kenniston land amounted to $362.24. Of this sum $124.74 was not allowed in this suit, because the specification was not large enough to cover the whole $362.24.

The auditor stated the plaintiff's account as found by him, as follows :

William Phelan to Joseph C. Thompson, Dr.

| | | | |
|---|---|---|---:|
| April, 1846. | | To hauling sleepers, | $2.00 |
| | | To shoveling and hauling 1,652 yards of earth on Kenniston's land, at nine and a half cents per yard, | 148.68 |
| | | To drawing hay from New London, | 5.50 |
| July, | " | To work done on upper bridge, near Stuart's, | 60.00 |
| | | To cutting 300 sleepers, | 6.00 |
| | | To timber for bridge, &c., | 5.00 |
| | | To use of wagon, &c., | 20.00 |
| | | To chain, | 2.00 |
| Sept. | " | To one mow of hay, | 24.00 |
| Nov. | " | To work in widow Whittier's pasture, | 17.75 |
| | | To oxen to Stuart's and Cilley's, | 75 |
| | | To drawing cars and jigger, | 50 |
| | | To moving Kelley, | 2.00 |
| | | To twenty perch of split stone, | 10.00 |

To splitting and hauling stone for railroad bridge near Jona. Kenniston's, at one dollar forty-one and a half cents per perch, $243.85 — less $100, paid by G. W. Nesmith,                                     143.85

                                                $448.03

In this report, the auditor referred to the various items of debt and credit, as stated in the report in the former action, and submitted the whole matter to the determination of the Court.

*Bellows*, for the defendant. The amount of the plaintiff's account in the first suit, as proved by the auditor, except the last item for the work on the Kenniston land, is              $190.62

Amount found under amended counts, if received, which the defendant does not admit, is,                      117.00

                                                $307.62

The last item should not be allowed, being for work on a job not completed, and under a contract still subsisting at the time of bringing the suit. To enable the plaintiff to sue for the work generally, he must have abandoned and rescinded the special contract before the bringing of the suit. *Britton* v. *Turner*, 6 N. H. Rep. 481.

So he must have notified his employer and demanded an adjustment. Ibid. 495, 496. When the suit was brought the contract was still subsisting and the work in progress, and the plaintiff could not sue for and recover a part of an entire sum, which, by the completion of the contract by him, would be due from the defendant. *Waddington* v. *Oliver*, 5 Bos. & Pul. 61. By the terms of that contract, which was in writing, the completion of the entire job was a condition precedent to the payment of the money. Nothing having been stipulated as to the time when the job was to be done, or the money paid, the law implies that the work was to be done in a reasonable time, and the price then paid. And we say that it was not competent to vary either, by parol. And, besides, had it been proven by competent evidence

that the defendant was to pay monthly, the plaintiff must count specially.

The amount, then due the plaintiff, if the amended counts are received, is $307.62. On the other hand, by way of set-off, the defendant is to be allowed his note, $105.99, and account before suit, $45.55, which sums, taken from the amount of $307.62, leaves, as found for the plaintiff, the sum of $156.08.

There are payments on account generally, some before and some after the suit, amounting to $351.43. At the time these were made, there was no application by the defendant and none has since been made by the plaintiff. Under these circumstances, the Court will apply the payments according to the justice of the case, and the probable interest of the payer. They will apply them to those debts which concerned him most to discharge.

At the time the payments were made, nothing in fact was done upon the contract to raise the embankment, and therefore none of the money should be applied on that. The special contract was still subsisting and not abandoned, and under it nothing had been earned. If it be regarded as abandoned, the defendant had paid more than enough to pay all that was due at the time.

But even if the plaintiff had been entitled to recover pay for his work under the special contract, so much as it was reasonably worth, after deducting damages for not completing the job, still we say that the money paid must first be applied to the debts about which there was no dispute, leaving the other matters to be liquidated and settled. *Pattison* v. *Hill*, 9 Cowen, 747; and note b, page 773, and authorities cited; *Goddard* v. *Cox*, 2 Strange, 1194.

And so, advances on account generally, for work under several distinct contracts, must be applied, in the first place to the extinguishment of the amounts due on such contracts as have been completed, and not of those which have not been completed. *McDowell* v. *The Blackstone Canal Co.*, 5 Mason, 11.

And again, the payments must be applied to the oldest debts first. *Alliston* v. *Carter*, 4 Har. & J. 351; *U. States* v. *Kirkpatrick*, 9 Wheaton, 720; *Fairchild* v. *Halley*, 10 Conn. 175;

*McKenzie* v. *Nevins,* 9 Shep. Rep. 178 ; *Brody* v. *U. States,* 1 Wood. & Minot, 150 ; 11 Met. Rep. 194.

As to the second case we say, that the second item in the plaintiff's account should be struck out, because the work was done under a special contract, stated in the report in the other case, and the facts do not authorize a resort to the general counts. It does not appear that the plaintiff has ever notified the defendant that this special contract was abandoned and rescinded, or that he made any offer of adjustment or demanded payment of the defendant. Until that is done, no action can be maintained.

The rights of the parties are governed by the special contract so long as it stands, and while it so stands, the defendant is in no default if he does what that requires of him. When that is abandoned by the other party and he is notified of it, and an adjustment and payment demanded, then the defendant must be prepared to pay what is reasonable after deducting the damages sustained by him. If he does not, he is in default; but until such notice and demand he has the right to consider the contract in force, and by the terms of that he is not bound to pay. So is the intimation of *Parker, J.,* in *Britton* v. *Turner,* 6 N. H. Rep. 495.

There is then to be deducted the balance of the sums paid generally, after satisfying the demand due the plaintiff in the other suit, which balance is $195.40 ; leaving due the plaintiff $103.95, if the last item in his account can come in.

*Nesmith & Pike,* and *Fowler,* for the plaintiff.

EASTMAN, J. In deciding these two cases, it is necessary that they be considered somewhat in connection. We will, however, take them up in the order of time, and pass upon the questions as raised by the auditor.

The first question presented, is, whether the amendment proposed to be made to the first suit is admissible. The writ contains but one count, and that is a general one, for labor and services. The plaintiff moves to amend his writ by adding two new counts ; one for goods, wares, and merchandise sold and delivered, and the other for the use and occupation, by the defendant,

of the plaintiff's dwelling-house. Our 14th Rule of Court provides, that no new count or amendment of a declaration shall be allowed without the consent of the defendant, unless it be consistent with the original declaration, and for the same cause of action. By this rule it is clear that this amendment cannot be allowed, except by the agreement of parties. It cannot be pretended that the cause of action for work and labor is the same as that for goods sold, or for use and occupation. The form of action may be the same, but the cause is quite different. Nor is the agreement for the amendment sufficiently made out to warrant us in allowing it. There is a controversy between the parties in regard to it, and we cannot undertake to enforce an agreement of this kind which is not clearly established. The amendment therefore must be disallowed.

At the time the first suit was brought, which was April 15th, 1846, there was due the plaintiff, for work done on the Northern railroad, exclusive of that done on the Kenniston land, the sum of $190.62. There was also due him at the time $117, as found by the auditor, for the use and occupation of a house and furniture, and for a single sleigh. This latter sum, however, cannot be recovered in this suit, because there is no count in the writ therefor; the additional counts not being received in amendment.

The amount of $213.56, being the sum claimed for work done on the Kenniston land, cannot be recovered in this action, because it was done on a special contract which was not then terminated, nor the work completed. The agreement is as follows: "February 9th, 1846. This certifies that I, William Phelan, have agreed to pay Joseph C. Thompson, nine and a half cents per yard for raising the embankment across Jonathan Kenniston's intervale, and what gravel is borrowed, to be taken from the hill in Kenniston's field, nearest the grade." The auditor finds that, at the time this agreement was entered into, it was further agreed that the plaintiff should be paid at the end of each month, for the work done upon the contract. But the evidence proving this, was excepted to at the time, and rightly so, we think. There is no latent ambiguity in the agreement, that

can admit of · parol proof to show the time of payment. The doubt is upon the face of the paper itself; and no time being fixed, the inference of law is, that the payment shall be made when the work is done. The report finds that the work was not done or abandoned till May succeeding the commencement of the action. The extent of the plaintiff's claim then, which can be allowed in this suit, is $190.62, with the interest thereon. Casting the interest from the date of the writ to the time of the auditor's report, it amounts to the sum of $235.60.

At the time of the commencement of the action, the defendant had an account against the plaintiff consisting of several small items, amounting in all to the sum of $45.55, which is properly allowable in off set against the plaintiff's claim. He had also paid the plaintiff $20 in March preceding, and on the day succeeding the suit, $25 more. These two sums the auditor finds were paid expressly for the work done on the Northern railroad, and should therefore go in reduction of the $235.60. Adding the sum of $45.55 to the two sums of $20 and $25, and casting interest upon the amount of the three, from the date of the writ to the time of the auditor's report, they amount to the sum of $111.91. In addition to this sum, there was due the defendant at the time of the report, on a note given him by the plaintiff, the sum of $105.99. These are the only sums which can be legally applied in reduction of the plaintiff's claim. They amount to $217.90, and being taken from $235.60, the amount recoverable by the plaintiff, there is left the balance of $17.70 ; for which the plaintiff should have judgment, with interest from the date of the auditor's report.

The payments on general account, amounting to $280, will be considered in the next case, and the reasons given for not allowing any portion of them in the first action.

The second suit was commenced October 27th, 1847. In this action the plaintiff's specification was for the sum of $536.85. None of the sums claimed in the first suit were embraced in this specification. An item of $148.68, was, however, included for shoveling and hauling earth on Kenniston's land. But this sum

Thompson *v.* Phelan.

is for work done after the commencement of the former suit, and is no part of the $213.56 claimed in that suit for similar work. The auditor finds due the plaintiff on his specification, the sum of $448.03. This includes the item of $148.68. He further finds that the plaintiff was entitled to the sum of $362.24 for the whole work done on the Kenniston land, and that, if nothing was allowed him in the former suit for that work, on the ground that the action was prematurely brought, then the sum of $237.50 should be substituted for the $148.68. This being done, as nothing was allowed in that suit for this work, it brings the amount up to the full claim of the specification, namely, $536.-85. Had the plaintiff's specification been sufficiently large, the auditor would no doubt have found due him the whole amount of the $362.24. But it appears that he did not feel authorized, as the case was presented, to go beyond the amount claimed by the specification. Consequently the sum of $124.74, being the balance of the $362.24, after taking from it the sum of $237.50, is left, and not recoverable in this suit.

From the anomalous situation of the two suits, we have the item of $117, for the use of the house and furniture and the price of the sleigh, and also the item of $124.74, for work done, which are not recoverable in either action; and this, notwithstanding the auditor finds them both to be due. Unless, therefore, some of the payments made by the defendant on general account, as found by the auditor in his first report, can be legally applied to the satisfaction of these two sums, the parties will be left to a further litigation in regard to them.

The accounts and claims between the parties which have not been disposed of in the previous consideration of the two cases stand thus:—

| | |
|---|---:|
| Due the plaintiff, and recoverable in this suit, | $536.85 |
| Due him for rent of house, &c., not recoverable, | 117.00 |
| Due him for balance of work on Kenniston land, not recoverable, | 124.74 |
| | $778.59 |

Due the defendant for items of set-off accruing subsequent to first suit, and recoverable in this,     $26.43

Due him for cash paid on general account, to be legally and equitably applied in reduction of plaintiff's claims;  280.00

                                  $306.43

            Balance due the plaintiff,      $472.16.

Such would be the amount due the plaintiff were there no action pending between the parties. This result, therefore, we shall endeavor to produce if it can legally be done.

The law governing the application of payments may be regarded as well settled in this State. *Parks, Baldwin, & Parks* v. *Ingram & Parks, ante*, page 283. A debtor paying money to a creditor, who has several claims against him, may direct the application of the payment to which claim he pleases. If the debtor makes no such application, the creditor may, at the time, apply it to any lawful demand then due and payable. But where neither of the parties makes the application, the law will, where there is no particular equity or reason for a different course, apply the payment to the earliest debt then due. *Caldwell* v. *Wentworth*, 14 N. H. Rep. 431. A further principle is, that, in making the application, the principles of equity are recognized at law, so far as the nature of the proceedings will admit. *Merrimack County Bank* v. *Brown*, 12 N. H. Rep. 321.

Of the $280 which were paid by the defendant upon general account, it does not appear that any application was made by either party; and, proceeding upon the principles above laid down, so much of the same as is necessary, should first be applied to the extinguishment of the item of $117, that being the oldest claim due at the time the payments were made. Taking therefore the first and second items of payment, being $37, and $80 of the third item, which was paid May 1st, 1846, and they cancel the $117. Had it not been for this item of $117, the two items of payment amounting to $37, being both made prior to the commencement of the first suit, would have been allowed in that action. But upon both legal and equitable principles we think they should be applied as above stated.

Thompson *v.* Phelan.

The next oldest claim due, independent of those considered and disposed of in the former suit, is the item of $2, the first in the plaintiff's specification ; and then the claim for the labor on the Kenniston land.    Taking the two reports of the auditor together, the labor on that land must be regarded as terminated, and the payment for it due, May 1st, 1846.    On said 1st of May, the defendant made a payment of $150, eighty dollars of which has been heretofore applied towards the item of $117. The $70 which are left of the $150, and also the payment of $15, made on the 14th of May, and $41.74 of the payment made July 10th, 1846, making in all the sum of $126.74, must be applied to the satisfaction of the item of $2, and the item of $124,74, part of the amount due for the labor on the Kenniston land.    To take any portion of the payments made on the 1st and 14th of May, or 10th of July, and apply it to affect in any way the first action, when that action was commenced some time previous, and when also there were other sums due, at the time of the payments, that had accrued subsequently to that suit, would be a departure from the principles above recited.

Having deducted, as cancelled by payment, the first item in the plaintiff's specification, being $2, there is left the sum of $534.85.    Against this there should be allowed the balance of the payment of $50, made on the 10th of July, being $8.26 ; also the three remaining payments made on general account, which amount to $28 ; and also the defendant's set-off of $26.-43 ; which several sums amount to $62.69.    Deducting this from the $534.85, there is left the sum of $472.16, for which the plaintiff should have judgment, with interest from the date of the auditor's report.

Although these cases, upon first examination, appeared involved in some perplexity, and some labor would have been saved, had the writs contained a few more counts, yet we are satisfied that the conclusion to which we have arrived, is sustained by both legal and equitable principles, and that substantial justice is done between the parties.    Both are allowed all that was their due.

*Judgment for the plaintiff.*